OPINION
{¶ 1} This appeal is taken from a final judgment of the Trumbull County Court of Common Pleas, Domestic Relations Division. For the reasons that follow, we affirm the judgment of the trial court.
 {¶ 2} Appellant/cross-appellee, Paula L. Mauerman, and appellee/cross-appellant, Thomas W. Mauerman, divorced in 1997.[1] At that time, the trial court awarded custody of the couple's minor children to appellant and ordered appellee to pay child support in the amount of $1,074 per month.
 {¶ 3} On November 2, 2000, the Trumbull County Child Support Agency filed a motion asking the trial court to order appellee to show cause why he should not be held in contempt for failing to pay child support totaling $2,359.49. Appellee responded by submitting a motion to decrease his child support obligation, claiming that his financial situation had substantially changed. After appellant filed a brief in opposition, in which she argued that the voluntary termination of employment did not entitle appellee to a reduction, she moved the trial court to find appellee in contempt for failing to pay his percentage of the children's outstanding medical expenses.
 {¶ 4} A magistrate held a hearing that began on January 17, 2001, which was continued until April 25, 2001. The magistrate then considered the evidence and issued a written decision that denied appellee's motion to reduce his child support obligation. According to the magistrate, appellee's voluntary termination of employment did not constitute a change of circumstances warranting a reduction in support. The magistrate also recommended that appellant's motion to find appellee in contempt be held in abeyance until appellee had the opportunity to satisfy his portion of the children's medical expenses.
 {¶ 5} The trial court adopted the magistrate's decision as its judgment. Appellee, however, subsequently filed a motion to vacate the trial court's judgment, claiming that his attorney never received a copy of the magistrate's decision. The trial court granted appellee's motion and remanded the matter back to the magistrate so that he could consider appellee's objections to the magistrate's decision.
 {¶ 6} On March 14, 2002, the magistrate issued a new decision reversing his earlier recommendation. Specifically, the magistrate concluded that "[b]ased on [the] testimony and evidence presented * * * a reduction [was] warranted due to a change of circumstances beginning August 2001." The magistrate also concluded that appellee should place the children on his medical insurance until they became covered under appellant's.
 {¶ 7} The trial court adopted the magistrate's decision in its entirety. Both parties then filed objections to the magistrate's decision, which the trial court reviewed and overruled.[2]
 {¶ 8} From this decision, appellant filed a timely notice of appeal with this court. She now submits the following assignment of error for our consideration:
 {¶ 9} "The trial court abused its discretion in ordering a reduction in child support where the obligor failed to establish a chance of circumstances to warrant said modification."
 {¶ 10} Appellee filed a brief responding to appellant's proposed errors and also assigned the following as error on cross-appeal:
 {¶ 11} "The trial court abused its discretion in setting the effective date for the child support reduction to August 13, 2001, neither the filing date, nor hearing date."
 {¶ 12} Appellant argues that the court should not have granted appellee a reduction in his child support obligation because he failed to establish a sufficient change in circumstances entitling him to such relief. Appellant maintains that appellee voluntarily resigned from his previous job and that he made no attempt to obtain similar employment.
 {¶ 13} Civ.R. 53(E)(3)(b) provides that "[a]ny objection to a finding of fact shall be supported by a transcript of all the evidence submitted to the magistrate relevant to that fact or an affidavit of that evidence if a transcript is not available." The duty to provide a transcript or affidavit to the trial court rests with the person objecting to the magistrate's decision. In re O'Neal (Nov. 24, 2000), 11th Dist. No. 99-A-0022, 2000 WL 1738366, at 3. This court has repeatedly held that if the objecting party fails to provide either of the above in support of her objections, "she is precluded from arguing factual determinations on appeal." Yancey v. Haehn (Mar. 3, 2000), 11th Dist. No. 99-G-2210, 2000 WL 263757, at 2. As a result, "when no transcript or affidavit is provided to the trial court in support of objections to a magistrate's decision, this court is limited to determining whether or not the trial court abused its discretion in adopting the magistrate's decision." Ackroyd v. Ackroyd (June 30, 2000), 11th Dist. No. 99-L-018, 2000 WL 895599, at 1.
 {¶ 14} The record in this case shows that appellant, although filing objections to the magistrate's decision, failed to include a transcript or suitable substitute with those objections, despite the fact that the proceedings were recorded. Appellant has subsequently filed a transcript of the magistrate's hearing with this court on appeal. We, however, are unable to consider anything that was not before the trial court when it overruled the parties' objections and ultimately adopted the magistrate's decision. In re O'Neal at 3 (holding that supplementing the record on appeal with a transcript does not enable us to consider evidence that was not presented to the juvenile court at the time the court made its decision).
 {¶ 15} Without a transcript of the hearing or a similar affidavit, appellant cannot demonstrate the alleged error. As we noted above, appellant is arguing that the trial court should not have granted appellee a reduction in his child support obligation. This analysis would obviously require this court to review the testimony given at the hearing. Unfortunately, appellant's failure to provide the trial court with a transcript or affidavit precludes us from considering her sole assignment of error because this court must presume that the record supports the trial court's judgment unless appellant can demonstrate otherwise. Yancey at 3.
 {¶ 16} That being said, even though appellant did not file a transcript or affidavit, the trial court was still obligated to review the magistrate's decision and determine whether there was an error of law or other defect on the face of the decision. Civ.R. 53(E)(4)(a). Here, the trial court reviewed the magistrate's decision and found "no errors on the face of the decision." Our own review of the decision also shows that, as it relates to the question of whether appellee should have received a reduction, the magistrate fully complied with the requirements of Civ.R. 53. Thus, the trial court did not abuse its discretion in adopting the decision of the magistrate. Appellant's sole assignment of error is not well-taken.
 {¶ 17} Appellee argues under his only assignment of error on cross-appeal that the trial court abused its discretion in setting the effective date for the modification of his child support obligation as August 13, 2001. He contends that the trial court should have applied the reduction retroactively to the date he first requested a modification, which would have been November 17, 2000.
 {¶ 18} Generally speaking, "[t]he determination of whether to make a modification retroactive is a matter within the sound discretion of the domestic relations court and cannot be reversed unless the trial court abuses its discretion." Gartland v. Gartland, 11th Dist. No. 2001-T-0063, 2002-Ohio-5160, at ¶ 22. If a court determines that a modification is warranted, "`it can make the modification order effective anytime on or after the date the motion for modification was filed.'" (Emphasis sic.) Thomas v. Thomas (Apr. 20, 2001), 11th Dist. No. 2000-T-0099, 2001 WL 409533, at 4, quoting Ober v. Ausra (Dec. 15, 1995), 11th Dist. No. 95-P-0066, 1995 WL 815336, at 2. See, also,Sutherell v. Sutherell (June 11, 1999), 11th Dist. No. 97-L-296, 1999 WL 417990, at 4 (holding that "[a]bsent special circumstances, an order of a trial court modifying child support should be retroactive to the date such modification was first requested; the effective date of modification must coincide with some significant event in the litigation, and an arbitrary date may not be employed.").
 {¶ 19} As the foregoing shows, a trial court should make a modification in a parent's child support obligation retroactive to the date the parent requested the relief. However, a court may choose a different date, Thomas, supra., and the decision to use a different date will only be reversed if the trial court abused its discretion.
 {¶ 20} Appellee, like appellant, failed to include a transcript with his objections. Thus, we can only review the magistrate's decision for an error of law or other defect on its face.[3]
 {¶ 21} With the limited record before us, we cannot say that the trial court abused its discretion in setting the effective date of the reduction as August 13, 2001. The magistrate concluded that the reduction was warranted "due to a change of circumstances beginning August 2001." This was the same time that the trial court remanded the matter to the magistrate so that he could consider appellee's objections to the magistrate's decision. Accordingly, the decision to make the modification effective August 13, 2001, is not arbitrary or otherwise unrelated to the facts in this case. Appellee's assignment of error on cross-appeal has no merit.
 {¶ 22} Pursuant to the foregoing analysis, appellant's assignment of error and appellee's assignment of error on cross-appeal are without merit. The judgment of the trial court, therefore, is affirmed.
Judgment affirmed.
DONALD R. FORD, P.J., and DIANE V. GRENDELL, J., concur.
[1] For ease of discussion, we will refer to the parties throughout this opinion as "appellant" and "appellee," even in the context of the cross appeal.
[2] Although the trial court adopted the magistrate's decision the same day it was issued, appellant and appellee still had fourteen days within which to file any objections.
[3] Appellee did attach an affidavit from his attorney purportedly providing a brief synopsis of appellee's testimony given at the hearing. The affidavit contained information concerning appellee's reason for leaving his former employment, and appellee's expectation that business for his company, which he started shortly after resigning, would increase during the fall of 2001. Nevertheless, because a transcript was available, appellee did not have the option of submitting an affidavit.